UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUMAR KARTIK,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, Desert View Annex, et al.,<br><br>    Respondents. | Case No. 5:26-cv-00593-FMO-PD<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Kumar Kartik ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus seeking release from Respondents' custody at the Desert View Annex in Adelanto, California. Dkt. No. 1.

**I.    Background**

Petitioner is a native and citizen of India who arrived in the United States on April 20, 2024. *Id.* at ¶ 8. He entered without inspection and shortly thereafter was detained by border officials; Petitioner informed them that he feared persecution upon returning to India. *Id.* at ¶ 9. Petitioner was detained for approximately one day and was released on conditional parole. *Id.* at ¶ 10. He was issued a Notice to Appear and was scheduled to appear

before an immigration judge on September 26, 2024, at the Santa Ana Immigration Court. *Id.* According to Petitioner, he complied with all conditions of his release, attended all court hearings, timely filed his application for asylum, attended his biometrics appointments, and obeyed all United States and California laws. *Id.* at ¶ 12. Petitioner's asylum claim is currently pending. *Id.* at ¶ 33.

On January 20, 2026, while attending his scheduled Immigration and Customs Enforcement ("ICE") check-in, Petitioner was detained and transferred to the Desert View Annex in Adelanto, California, where he remains today. *Id.* at ¶ 13. He was detained without notice or a pre-deprivation hearing before a neutral arbiter demonstrating materially changed circumstances justifying his re-detention. *Id.* at ¶ 45. Prior to his January 2026 detention, Petitioner has lived in the United States for nearly two years and developed community ties. *Id.* at ¶ 16.

## II.  Discussion

Petitioner argues his current detention violates the following: (1) Due Process; (2) the Administrative Procedures Act; and (3) 8 U.S.C. § 1226(a)–(b). Respondents' response to the Petition does not address the due process argument and does not dispute the facts raised in the Petition. Instead, Respondents only argue that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, and that at most, Petitioner is entitled to a bond hearing before an Immigration Judge under Section 1226(a). Dkt. No. 6 at 2. However, for the reasons set forth below, the Court finds that Petitioner is entitled to greater relief: release under the Due Process Clause.

### A. Petitioner's Detention Violates Due Process

In several recent decisions, courts in this District have found that immigration authorities violated or likely violated due process by re-detaining noncitizens who had been released shortly after their entry to the United States without notice or an opportunity to be heard. *See Cruz v. Lyons, et al.*, No. 5:25-cv-02879-MCS-MBK (C.D. Cal. Nov. 6, 2025) at Dkt. 12 (granting TRO ordering release of noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in). *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the familiar *Mathews v. Eldridge* framework, which considers: (1) the private interest at stake; (2) the risk of erroneous deprivation; and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

#### 1. Private Interest

The Court finds that Petitioner has a substantial liberty interest in maintaining his settled life out of custody. Petitioner has resided in the United States for nearly two years since he was released on conditional parole on April 21, 2024. Dkt. No. 1 at ¶ 10.

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is

lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Garro Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

According to Petitioner, he has continuously lived in the United States for nearly two years and has developed community ties. The Court therefore concludes that—consistent with decisions from this District and others—the Due Process Clause protects Petitioner's substantial interest in maintaining his freedom from confinement. *See Cruz*, No. 5:25-cv-02879, Dkt. 12 at 6; *Yataco*, 2025 WL 4065463, at *1; *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2025 WL 3059549 at *10 (E.D. Cal. Nov. 1, 2025) (finding a petitioner had a constitutionally protected liberty interest in "approximately four years on parole"); *Fernandez Lopez v. Wofford*, No. 1:25-cv-01226-KES-SKO, 2025 WL 2959319, at *4 (E.D. Cal. Oct. 17, 2025) (same, with respect to "nearly four years" of parole). *See also Manzanarez v. Bondi*, No. 1:25-cv-01536-DC-CKD, 2025 WL 3247258 at *4 (E.D. Cal. Nov. 20, 2025) (same, with respect to "over two years" on an order of release on recognizance).

### 2. Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, the Court finds that "[t]here is an unacceptably high risk that the government would erroneously

deprive—or already has erroneously deprived—Petitioner of his liberty interest absent a pre-detention hearing." *Cruz*, No. 5:25-cv-02879, Dkt. 12 at 7. The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas v. Davis,* 533 U.S. 678, 697 (2001). But Petitioner has not been afforded any process to determine whether his detention in fact advances either purpose.

The Petition suggests that Petitioner is not a flight risk or danger. Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Further, Petitioner's release was predicated on the Government's determination that Petitioner did not present a sufficient danger or flight risk requiring his detention. *See* 8 C.F.R. § 236.1(c)(8) (providing that the Government may release a noncitizen under Section 1226 "provided that the alien [] demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding"). Respondents do not dispute the Petition's claim that Petitioner was released on conditional parole after a determination that he was neither a flight risk nor danger to the community. Dkt. No. 1 at ¶ 1. Nor do they dispute Petitioner's claim that he has no criminal record and has complied with all conditions of his parole. *Id.* at ¶¶ 12, 15.

Therefore, the Court concludes that there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary detention.

5

### 3.     Government Interest

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, No. 5:25-cv-02879, Dkt. 12 at 7 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]" *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that the Government's lack of constitutionally adequate procedures has resulted in his unnecessary detention, and the Government's interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process. Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claims. Nothing prevents Petitioner from raising these claims again in the future, should the Government re-detain Petitioner following the procedures set forth above.

6

## III. Order

For the foregoing reasons, the Petition is GRANTED as to the First Claim for Relief under the Due Process Clause and the Court ORDERS as follows:

1. Respondents shall immediately release Petitioner under the conditions of his prior conditional parole and are enjoined from re-detaining Petitioner absent notice and an opportunity to be heard with counsel present.

IT IS SO ORDERED.

DATED: February 27, 2026

                                            /s/
                        HON. FERNANDO M. OLGUIN
                        UNITED STATES DISTRICT JUDGE

Presented by:

_Patricia Donahue_
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE